Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed]*
*Lead Counsel for the Class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| R. BRIAN TERENZINI, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOODRX HOLDINGS, INC., DOUGLAS HIRSCH, TREVOR BEZDEK and KARSTEN VOERMANN,<br><br>Defendants. | Case No. 2:20-cv-11444-DOC-PD<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF WAYNE GEIST FOR: (1) CONSOLIDATION OF RELATED ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF CHOICE OF COUNSEL**<br><br><u>CLASS ACTION</u><br><br>JUDGE: David O. Carter<br>Hearing Date: March 22, 2021<br>Time: 8:30 a.m.<br>CTRM: 9 D – Ronald Reagan Federal Building |

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION OF WAYNE GEIST FOR: (1) CONSOLIDATION OF RELATED
ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL
OF CHOICE OF COUNSEL – 2:20-cv-11444-DOC-PD

| | |
|---|---|
| BRYAN KEARNEY, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GOODRX HOLDINGS, INC., DOUGLAS HIRSCH, TREVOR BEZDEK, and KARSTEN VOERMANN,<br><br>Defendants. | No. 2:21-cv-00175-DOC-PD<br><br>CLASS ACTION<br><br>JUDGE: David O. Carter |

## MEMORANDUM OF POINTS AND AUTHORITIES

Movant Wayne Geist ("Movant") respectfully submits this memorandum in support of his motion for an Order, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1) consolidating the above-captioned actions;

(2) appointing Movant as Lead Plaintiff for all persons other than Defendants who purchased or otherwise acquired the securities of GoodRx Holdings, Inc. ("GoodRx" or the "Company") between September 23, 2020 and November 16, 2020, inclusive (the "Class Period"), to recover damages caused by Defendants' violations of the federal securities laws (the "Class"); and

(3) appointing The Rosen Law Firm, P.A. ("Rosen Law") as Lead Counsel for the Class.

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF WAYNE GEIST FOR: (1) CONSOLIDATION OF RELATED ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF CHOICE OF COUNSEL – 2:20-cv-11444-DOC-PD

## I.    PERTINENT BACKGROUND

On December 18, 2020, the action captioned *Terenzini v. GoodRx Holdings, Inc., et al.*, Case No. 2:20-cv-11444-DOC-PD (C.D. Cal.) was commenced against the Company and certain of its executives and directors for violations under the Exchange Act by Rosen Law. That same day, a PSLRA early notice was issued advising potential class members of, among other things, the claims alleged in this case, the Class Period, and the 60-day deadline for class members to move this Court to be appointed as lead plaintiff. A copy of the early notice is attached as Exhibit 1 to the Declaration of Laurence M. Rosen filed herewith ("Rosen Decl." or "Rosen Declaration"). On January 8, 2021, the above-captioned related action styled as *Kearney v. GoodRx Holdings, Inc., et al.*, Docket No. 2:21-cv-00175-DOC-PD (C.D. Cal.) was filed in this District against the same defendants asserting substantially similar facts and claims as the instant action including the same Class Period.

The complaints allege that, throughout the Class Period, Defendants made materially false and misleading statements regarding the Company's business, operational and compliance policies. Specifically, Defendants made materially false and/or misleading statements and/or failed to disclose that: (1) Defendants were aware that Amazon had been in the process of developing and would soon introduce its own online and mobile prescription medication ordering and fulfillment service, and timed the IPO so that it was priced before Amazon announced its online pharmaceutical business; (2) accordingly, Defendants timed the IPO to create artificial demand for the common shares sold therein; (3) as a result, the Company's public statements were materially false and misleading at all relevant times.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF WAYNE GEIST FOR: (1) CONSOLIDATION OF RELATED ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF CHOICE OF COUNSEL – 2:20-cv-11444-DOC-PD

On November 17, 2020, just weeks after GoodRx completed its IPO, Amazon announced two new pharmacy offerings, a Prime Rx plan and a discount card program, which, among other things, would compete directly with GoodRx's platform by making it "simple for customers to compare prices and purchase medications for home delivery, all in one place." That same day, CNBC.com reported that Amazon Prime members would now have access to discounts of up to 80% on generic medications and up to 40% on brand-name prescriptions through its relationship with the Inside Rx savings program. This competitive pricing posed a severe threat to GoodRx's business model.

On this news, the price of GoodRx common stock fell $10.51 per share, or 23%, to close at $36.21 per share on November 17, erasing more than $4 billion of the Company's market capitalization on extremely heavy trading volume of over 23 million shares traded.

## ARGUMENT

## II.   THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. 78u-4(a)(3)(A)(ii). As such, the PSLRA does

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF WAYNE GEIST FOR: (1) CONSOLIDATION OF RELATED ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF CHOICE OF COUNSEL – 2:20-cv-11444-DOC-PD

not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

Both of the above-captioned related actions have been filed in this District alleging substantially similar factual and legal grounds to support allegations of violations of the Exchange Act by Defendants arising from the public dissemination of false and misleading information to investors. Accordingly, the above-captioned cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## III.    MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA directs courts to consider any motion to serve as lead plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF WAYNE GEIST FOR: (1) CONSOLIDATION OF RELATED ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF CHOICE OF COUNSEL – 2:20-cv-11444-DOC-PD

As set forth below, Movant satisfies the above criteria, has the largest financial interest of any movant in this litigation, and is therefore the most adequate plaintiff and should be appointed as Lead Plaintiff.

### A. Movant is Willing to Serve as Class Representative

Movant has made a timely motion in response to a PSLRA early notice. *See* Rosen Decl., Ex. 1. Additionally, as set forth in his PSLRA certification, Movant attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the class. *See* Rosen Decl., Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the class.

### B. Movant has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group … that . . . has the largest financial interest in the relief sought by the class."   15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730. While the PSLRA does not specify precisely how to calculate the "largest financial interest", a movant's approximate losses in the subject securities is the best measure. *Richardson v. TVIA*, 2007 WL 1129344 at * 4 (N.D. Cal. Apr. 16, 2007) (citing cases).

Movant lost approximately $7,947.47 on his purchases of GoodRx securities in connection with the alleged fraud at issue. *See* Rosen Decl., Ex. 3. Movant is not aware of any other movant that has suffered greater losses in the Company's securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

6

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION OF WAYNE GEIST FOR: (1) CONSOLIDATION OF RELATED
ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL
OF CHOICE OF COUNSEL – 2:20-cv-11444-DOC-PD

**C.    Movant Satisfies the Requirements of Rule 23 of the Federal
Rules of Civil Procedure**

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Federal Rule of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable,
>
> (2) there are questions of law or fact common to the class,
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that Movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification—a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730. At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus…" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730).

7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
MOTION OF WAYNE GEIST FOR: (1) CONSOLIDATION OF RELATED
ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL
OF CHOICE OF COUNSEL – 2:20-cv-11444-DOC-PD

Movant is retired and resides in Pennsylvania. Prior to retirement, Movant worked as a locomotive engineer. Movant has over 40 years of investing experience.

Movant fulfills all of the pertinent requirements of Rule 23. Movant shares substantially similar questions of law and fact with the members of the class, and his claims are typical of the members of the class. Movant and all members of the class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading statements about GoodRx and its business. Movant, as did all of the members of the class, purchased the Company's securities at prices artificially inflated due to Defendants' misrepresentations and omissions, and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between Movant and other class members, as well as Movant's desire to prosecute this action on behalf of the class, provides ample reason to appoint Movant as Lead Plaintiff.

**D.      Movant Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses**

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa)   will not fairly and adequately protect the interest of the class; or

(bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

8

Movant's ability and desire to fairly and adequately represent the class has been discussed above. Movant is not aware of any unique defenses that Defendants could raise against him that would render Movant inadequate to represent the Class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the Class.

## IV.   MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with the lead plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law as Lead Counsel. The firm has been actively researching the class' and Movant's claims by reviewing publicly available financial and other documents and gathering information in support of the claims against the Defendants. Furthermore, the firm is experienced in the area of securities litigation and class actions. The firm has prosecuted securities fraud class actions and other complex litigations and has obtained substantial recoveries on behalf of investors. *See* Rosen Decl., Ex. 4.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Movant's counsel has the skill and knowledge that will enable the firm to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

## V.   CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) consolidating the above-captioned actions; (2) appointing Movant as

9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF WAYNE GEIST FOR: (1) CONSOLIDATION OF RELATED ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF CHOICE OF COUNSEL – 2:20-cv-11444-DOC-PD

Lead Plaintiff of the class; (3) approving Rosen Law as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

Dated:   February 16, 2021                    Respectfully submitted,

                                              **THE ROSEN LAW FIRM, P.A.**

                                              /s/ Laurence Rosen, Esq.
                                              Laurence M. Rosen, Esq. (SBN 219683)
                                              355 South Grand Avenue, Suite 2450
                                              Los Angeles, CA 90071
                                              Telephone: (213) 785-2610
                                              Facsimile: (213) 226-4684
                                              Email: lrosen@rosenlegal.com

                                              *Counsel for Movant and [Proposed] Lead
                                              Counsel for the Class*

10

**CERTIFICATE OF SERVICE**

I, Laurence M. Rosen, hereby declare under penalty of perjury as follows: I am the managing partner of The Rosen Law Firm, P.A., with offices at 355 South Grand Avenue, Suite 2450, Los Angeles, CA 90071.  I am over the age of eighteen.

On February 16, 2021, I electronically filed the following **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF WAYNE GEIST FOR: (1) CONSOLIDATION OF RELATED ACTIONS; (2) APPOINTMENT AS LEAD PLAINTIFF; AND (3) APPROVAL OF CHOICE OF COUNSEL**with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel of record.

Executed on February 16, 2021.

/s/ Laurence Rosen
Laurence M. Rosen

11