ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS (259916)
JENNIFER N. CARINGAL (286197)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jcaringal@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead Plaintiff

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| R. BRIAN TERENZINI, Individually and on Behalf of All Others Similarly Situated,<br><br>              Plaintiff,<br><br>   vs.<br><br>GOODRX HOLDINGS, INC., et al.,<br><br>              Defendants. | Case No. 2:20-cv-11444-DOC-PD<br><br>CLASS ACTION<br><br>MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL |

4815-0560-2012.v1

## I.   INTRODUCTION

Presently pending in this District are two securities class action lawsuits (the "Related Actions") on behalf of purchasers or acquirers of GoodRx Holdings, Inc. ("GoodRx" or the "Company") securities between September 23, 2020 and November 16, 2020 (the "Class Period").[1]  In securities class actions, the PSLRA requires district courts to resolve consolidation before appointing a lead plaintiff.  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  Here, the Related Actions should be consolidated because they each involve substantially similar legal and factual issues.  *See* Fed. R. Civ. P. 42(a); §III.A., *infra.*

As soon as practicable after its decision on consolidation, the Court "shall appoint the most adequate plaintiff as lead plaintiff for the consolidated actions."  *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i). Janice L. Kasbaum should be appointed as lead plaintiff because she: (1) timely filed a motion; (2) has the largest financial interest in the outcome of this litigation; and (3) will typically and adequately represent the class's interests.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  Additionally, Ms. Kasbaum's selection of Robbins Geller Rudman & Dowd LLP ("Robbins Geller" or the "Firm") to serve as lead counsel should be approved because the Firm possesses extensive experience prosecuting class actions and will adequately represent the interests of all class members.  *See* §III.C., *infra.*

## II.   FACTUAL BACKGROUND

GoodRx is a holding company that owns and operates a U.S. consumer-focused digital healthcare platform.  GoodRx maintains its principal executive offices in Santa

---

[1]   The Related Actions are: *Terenzini v. GoodRx Holdings, Inc.*, No. 2:20-cv-11444-DOC-PD (filed 12/18/2020); and *Kearney v. GoodRx Holdings, Inc.*, No. 2:21-cv-00175-DOC-PD (filed 1/8/2021).  On January 22, 2021, this Court issued a Related Case Order, relating the *Kearney* Action to the *Terenzini* Action.  *See Kearney*, ECF No. 11.

- 1 -

Monica, California and its common stock is listed and trades on the NASDAQ under the ticker symbol "GDRX." *Terenzini*, ECF No. 1 at ¶6; *Kearney*, ECF No. 1 at ¶14. GoodRx primarily earns its revenue from prescription transaction fees paid by Pharmacy Benefit Managers that manage formularies and prescription transactions. *Terenzini*, ECF No. 1 at ¶18; *Kearney*, ECF No. 1 at ¶24.

The complaints allege that at the time of the Company's September 2020 initial public offering ("IPO"), unbeknownst to investors, Amazon.com, Inc. was developing and would soon introduce its own online and mobile prescription medication ordering and fulfillment service that would directly compete with GoodRx.[2] *Terenzini*, ECF No. 1 at ¶23; *Kearney*, ECF No. 1 at ¶29. Defendants were aware that Amazon's entry into the online prescription medication ordering and fulfillment business was imminent because, *inter alia*, Amazon was a close business partner with GoodRx. *Terenzini*, ECF No. 1 at ¶47; *Kearney*, ECF No. 1 at ¶49. The complaints allege that defendants engaged in a scheme that: (i) deceived the investing public regarding GoodRx's business, operations, services, competition, competitive market trends, and present and future business prospects; (ii) facilitated the Company's IPO; (iii) created artificial demand for the GoodRx common shares sold in the IPO; (iv) enabled the Company to receive $887 million in net proceeds from the sale of GoodRx common stock in the IPO; (v) enabled certain existing shareholders, including affiliates of the individual defendants, executive officers, and Company employees, to collectively reap gross proceeds of more than $369 million from the sale of GoodRx common stock in the IPO; and (vi) caused plaintiffs and the class to purchase GoodRx publicly traded common stock at artificially inflated prices. *Terenzini*, ECF No. 1 at ¶15; *Kearney*, ECF No. 1 at ¶21. Given defendants' knowledge of Amazon's intention to

---

[2] The *Terenzini* Action is on behalf of those who purchased GoodRx Class A common stock between September 23, 2020 and November 16, 2020. The *Kearney* Action is on behalf of those who purchased or otherwise acquired GoodRx securities between September 23, 2020 and November 16, 2020. The slight differences in the class definitions will be resolved upon the filing of a consolidated complaint.

- 2 -

4815-0560-2012.v1

enter the online pharmaceutical business, their statements in the registration statement and during the Class Period about GoodRx's competitive position were materially false and/or misleading when made and caused GoodRx securities to trade at artificially inflated prices of more than $64 per share during the Class Period. *Terenzini*, ECF No. 1 at ¶48; *Kearney*, ECF No. 1 at ¶50.

On November 17, 2020, just weeks after GoodRx completed its IPO, Amazon announced two new pharmacy offerings, a Prime Rx plan and a discount card program, which, among other things, would compete directly with GoodRx's platform by making it "simple for customers to compare prices and purchase medications for home delivery, all in one place." *Terenzini*, ECF No. 1 at ¶36; *Kearney*, ECF No. 1 at ¶40. In response to this news, the price of GoodRx common stock declined 23% to close at $36.21 per share by market close on November 17, 2020, damaging investors. *Terenzini*, ECF No. 1 at ¶38; *Kearney*, ECF No. 1 at ¶42.

As a result of defendants' alleged wrongful acts and omissions and the decline in the value of GoodRx securities, class members have suffered significant losses and damages.

**III.   ARGUMENT**

**A.      The Related Actions Should Be Consolidated**

"If actions before the court involve a common question of law or fact, the court may . . . consolidate the actions." Fed. R. Civ. P. 42(a). The "district court has broad discretion under this rule to consolidate cases pending in the same district." *Invs. Research Co. v. U.S. Dist. Court for Cent. Dist.*, 877 F.2d 777 (9th Cir. 1989). Importantly, the PSLRA contemplates consolidation if "more than one action on behalf of a class asserting substantially the same claim" has been filed. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii).

Here, the Related Actions assert identical Securities Exchange Act of 1934 ("1934 Act") claims against the same defendants on behalf of Good Rx investors

- 3 -

during the same Class Period.  *Compare Terenzini*, ECF No. 1 *with Kearney*, ECF No. 1.  Accordingly, the Related Actions should be consolidated.

### B.    Ms. Kasbaum Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the 1934 Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(1).  First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint.  15 U.S.C. §78u-4(a)(3)(A)(i).  Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that:

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii); *see also In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002); *Shreves v. Xunlei Ltd.*, 2015 WL 5446935, at *2 (C.D. Cal. Sept. 15, 2015).  Ms. Kasbaum meets each of these requirements and should therefore be appointed Lead Plaintiff.

### 1.    This Motion Is Timely

On December 18, 2020, the statutory notice was published on *Business Wire* advising class members of the pendency of the action, the alleged claims, the class definition, and the option of moving the Court to be appointed as lead plaintiff by February 16, 2021.  *See* Declaration of Jennifer N. Caringal in Support of Motion for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Lead Plaintiff's Selection of Lead Counsel ("Caringal Decl."), Ex. A.  Accordingly,

- 4 -

4815-0560-2012.v1

Ms. Kasbaum's motion is timely filed and she is eligible to be considered for appointment as lead plaintiff.

### 2.   Ms. Kasbaum Has the Largest Financial Interest in the Relief Sought by the Class

During the Class Period, Ms. Kasbaum purchased 1,400 shares of GoodRx stock and suffered approximately $17,692 in losses as a result of defendants' alleged misconduct. *See* Caringal Decl., Exs. B, C. To the best of her counsel's knowledge, there are no other plaintiffs with a larger financial interest during the Class Period. Therefore, Ms. Kasbaum satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3.   Ms. Kasbaum Is Typical and Adequate of the Purported Class

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage).

"So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, [she] is entitled to lead plaintiff status . . . ." *Cavanaugh*, 306 F.3d at 732. "The movant with the largest financial interest only needs to make a prima facie showing that it satisfies Rule 23 to be the presumptive lead plaintiff." *Shreves*, 2015 WL 5446935, at *3 (citing *Cavanaugh*, 306 F.3d at 739). "To make a prima facie showing of typicality, a moving plaintiff should establish that its claims are similar to all class members." *Id*. In determining whether the adequacy requirement is met, "[a] court should inquire about the movant's interests in the outcome of the case and their willingness to vigorously represent the class's claims to determine if [there] is a preliminary showing of adequacy." *Id*. "Additionally, a court

- 5 -

should ensure that the movant's interests do not conflict with those of the class and that the movant's counsel is capable and qualified." *Id.* Here, Ms. Kasbaum satisfies these requirements.

Ms. Kasbaum's claims arise out of the same events and are based on the same legal theories as the claims of other class members. In addition, Ms. Kasbaum's interests are clearly aligned with the members of the class and there is no antagonism between her interests and the class members' interests. Ms. Kasbaum has amply demonstrated her adequacy by signing a sworn Certification and a Declaration affirming her willingness to serve as, and to assume the responsibilities of, class representative. *See* Caringal Decl., Exs. B, D. Ms. Kasbaum has also selected counsel experienced in prosecuting securities class actions to represent her and the class. *See infra* §III.C.

Because Ms. Kasbaum filed a timely motion, has the largest financial interest in the relief sought by the class, and is typical and adequate of the putative class, the Court should adopt the presumption that she is the presumptive lead plaintiff.

**C.    The Court Should Approve Ms. Kasbaum's Selection of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval. 15 U.S.C. §78u-4(a)(3)(B)(v); *see also Cavanaugh*, 306 F.3d at 732-35. Ms. Kasbaum has selected Robbins Geller to serve as Lead Counsel.

With more than 200 attorneys in offices nationwide, Robbins Geller possesses substantial experience litigating complex securities litigation like this case. District courts throughout the nation, including within this District, have noted Robbins Geller's reputation for excellence, resulting in the appointment of Robbins Geller to lead roles in hundreds of complex securities class action cases.[3] *See, e.g.*, *Garcia v.*

---

[3]    For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com/. An electronic or paper version of the Firm's resume is available upon the Court's request, if preferred.

- 6 -

*Banc of Cal., Inc.*, 2017 WL 5641123, at \*2 (C.D. Cal. May 1, 2017) (appointing Robbins Geller as lead counsel in securities class action case); *In re Hot Topic, Inc. Sec. Litig.*, 2014 WL 12462472, at \*5 (C.D. Cal. Nov. 3, 2014) (finding that Robbins Geller was "qualified and competent" and noting that "[o]ther courts have stated that the firm . . . 'is comprised of probably the most prominent securities class action attorneys in the county'") (citation omitted); *In re Cooper Cos. Inc. Sec. Litig.*, 254 F.R.D. 628, 636 (C.D. Cal. 2009) (noting that it was "undisputable" that Robbins Geller lawyers have "extensive experience prosecuting suits of this nature").

Robbins Geller's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. And, while trials in shareholder class actions are rare, Robbins Geller has tried nine cases to verdict, including a February 2019 trial in this District in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG-JCG (C.D. Cal.), where the jury returned a plaintiffs' verdict, finding that defendants Puma Biotechnology, Inc. and its CEO, Alan H. Auerbach, committed securities fraud and awarding shareholders tens of millions of dollars in damages.

Notably, in 2021, Robbins Geller has already recovered $1.21 billion in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.), and in 2020, the Firm recovered $1.02 billion in *In re Am. Realty Capital Props., Inc. Litig.*, No. 1:15-mc-00040-AKH (S.D.N.Y.), and $350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.). Robbins Geller attorneys have also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits. [4]

---

[4]    *See In re Enron Corp. Sec. Litig.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *Lawrence E. Jaffe Pension Plan v. Household Int'l Inc.*, No. 1:02-cv-05893 (N.D. Ill.) ($1.575 billion recovery is the largest securities class action recovery ever

- 7 -

4815-0560-2012.v1

Thus, the Court can be assured that the class will receive the highest caliber of legal representation should it approve Ms. Kasbaum's selection of Robbins Geller as Lead Counsel for the putative class.

## IV.   CONCLUSION

The Court should consolidate the Related Actions because they present identical factual and legal issues, raise nearly identical claims, and name identical defendants. In addition, Ms. Kasbaum has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  Accordingly, Ms. Kasbaum respectfully requests that the Court grant her motion for consolidation, appointment as lead plaintiff, and approve her selection of counsel.

DATED:  February 16, 2021                Respectfully submitted,

ROBBINS GELLER RUDMAN
 & DOWD LLP
DANIELLE S. MYERS
JENNIFER N. CARINGAL


s/ Jennifer N. Caringal
JENNIFER N. CARINGAL

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jcaringal@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed]
Lead Plaintiff

following a trial as well as the largest securities class action recovery in the Seventh Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class action recovery in the Eleventh Circuit).

- 8 -

4815-0560-2012.v1

JOHNSON FISTEL, LLP
FRANK J. JOHNSON
655 West Broadway, Suite 1400
San Diego, CA  92101
Telephone:  619/230-0063
619/255-1856 (fax)
franki@iohnsonfistel.com

Additional Counsel for Plaintiff

- 9 -

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on February 16, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Jennifer N. Caringal
JENNIFER N. CARINGAL

ROBBINS GELLER RUDMAN
   & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:  jcaringal@rgrdlaw.com

4815-0560-2012.v1

# Mailing Information for a Case 2:20-cv-11444-DOC-PD R. Brian Terenzini v. GoodRx Holdings, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Adam Marc Apton**
  aapton@zlk.com

- **Brian Edward Cochran**
  bcochran@rgrdlaw.com,e_file_sd@rgrdlaw.com,kwoods@rgrdlaw.com

- **Jordan Davisson Cook**
  jordan.cook@lw.com,#ocecf@lw.com,jordan-cook-5273@ecf.pacerpro.com

- **Michele D Johnson**
  michele.johnson@lw.com,michele-johnson-7426@ecf.pacerpro.com,#ocecf@lw.com,jana.roach@lw.com

- **Laurence M Rosen**
  lrosen@rosenlegal.com,lrosen@ecf.courtdrive.com

- **Colleen C Smith**
  colleen.smith@lw.com,colleen-c-smith-7786@ecf.pacerpro.com

- **David C Walton**
  davew@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)