POMERANTZ LLP
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Attorney for Movants Betty Kalmanson,*
*Lawrence Kalmanson, and Shawn*
*Kalmanson*

[Additional counsel on signature page]

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| R. BRIAN TERENZINI, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>    vs.<br><br>GOODRX HOLDINGS, INC., DOUGLAS HIRSCH, TREVOR BEZDEK and KARSTEN VOERMANN,<br><br>                    Defendants. | Case No. 2:20-cv-11444-DOC-PD<br><br>MEMORANDUM OF POINTS AND AUTHORITIES: (1) IN FURTHER SUPPORT OF MOTION OF BETTY KALMANSON, LAWRENCE KALMANSON, AND SHAWN KALMANSON FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS<br><br>DATE:  March 22, 2021<br>TIME:  8:30 a.m.<br>JUDGE:  David O. Carter<br>CTRM:  9 D |

MEMORANDUM OF POINTS AND AUTHORITIES - 2:20-cv-11444-DOC-PD; 2:21-cv-00175-DOC-PD

| | |
|---|---|
| BRYAN KEARNEY, Individually and on Behalf of All Others Similarly Situated, | Case No. 2:21-cv-00175-DOC-PD |
| Plaintiff, | |
| v. | |
| GOODRX HOLDINGS, INC., DOUGLAS HIRSCH, TREVOR BEZDEK, and KARSTEN VOERMANN, | |
| Defendants. | |

## **TABLE OF CONTENTS**

I.      PRELIMINARY STATEMENT .........................................................................1

II.     ARGUMENT.................................................................................................4

    A.      THE KALMANSON FAMILY SHOULD BE APPOINTED LEAD
        PLAINTIFF ...........................................................................................4

        1.      The Kalmanson Family Has The Largest Financial Interest In
            The Relief Sought By The Class...........................................................5

        2.      The Kalmanson Family Satisfies The Requirements Of Rule 23.......6

        3.      The Kalmanson Family Is An Appropriate Group .............................7

    B.      THE KALMANSON FAMILY'S SELECTION OF COUNSEL
        SHOULD BE APPROVED ....................................................................10

III.    CONCLUSION................................................................................................11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barnet v. Elan Corp., PLC*,
236 F.R.D. 158 (S.D.N.Y. 2005) ....................................................................................... 8

*Beckmen v. Ener1, Inc.*, Nos. 11 Civ. 5794 (PAC) *et al.*,
2012 U.S. Dist. LEXIS 19972 (Feb. 15, 2012) ........................................................... 4, 9

*China Agritech, Inc. v. Resh*,
138 S. Ct. 1800 (2018) ................................................................................................. 3, 7

*Ferreira v. Funko, Inc.*, 2:20-cv-02319-VAP-PJWx,
2020 U.S. Dist. LEXIS 106515 (C.D. Cal. June 11, 2020) ............................................ 9

*Harari v. PriceSmart, Inc.*,
19-CV-958 JLS (LL), 2019 WL 4934277 (S.D. Cal. Oct. 7, 2019) ........................... 3, 7

*In re Blue Apron Holdings, Inc. Sec. Litig.*, No. 17-CV-4846 (WFK) (PK),
2017 WL 6403513 (E.D.N.Y. Dec. 15, 2017) ................................................................ 8

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) ...................................................................................... 4, 6

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d. Cir. 2001) .......................................................................................... 8

*In re McDermott Int'l, Inc. Secs. Litig.*, 08 Civ. 9943 (DC),
2009 U.S. Dist. LEXIS 21539 (S.D.N.Y. Mar. 6, 2009) ............................................ 4, 9

*In re Snap Inc. Sec. Litig.*, No. 2:17-cv-03679-SVW-AGR,
2019 U.S. Dist. LEXIS 88379 (C.D. Cal. Apr. 1, 2019) .............................................. 10

*In re Surebeam Corp. Sec. Litig.*, No. 03 CV 1721 JM (POR),
2003 U.S. Dist. LEXIS 25022 (S.D. Cal. Dec. 31, 2003) .............................................. 6

*Karinski v. Stamps.com, Inc.*, CV 19-1828-R,
2019 WL 8013753 (C.D. Cal. June 5, 2019) .............................................................. 3, 7

*Knox v. Yingli Green Energy Holding Co. Ltd.*,
136 F. Supp. 3d 1159 (C.D. Cal. 2015) ....................................................................... 2, 5

*Perrin v. Southwest Water Co.*, No. 2:08-cv-7844-FMC-AGRx,
2009 U.S. Dist. LEXIS 134154 (C.D. Cal. Feb. 12, 2009) ...........................................7

*Petrie v. Electronic Game Card, Inc.*, Nos. SACV 10-0252 DOC (RNBx),
SACV 10-0258 DOC (RNBx), 2010 U.S. Dist. LEXIS 56283 (C.D. Cal.
June 4, 2010) ......................................................................................................3, 6, 9

*Richardson v. TVIA, Inc.*, C 06 06304 RMW,
2007 WL 1129344 (N.D. Cal. Apr. 16, 2007) ..........................................................2, 5

*Robb v. Fitbit Inc.*, No. 16-cv-00151-SI,
2016 U.S. Dist. LEXIS 62457 (N.D. Cal. May 10, 2016) ......................................8, 10

*Sokolow v. LJM Funds Mgmt.*, Nos. 18-cv-01039 *et al.*,
2018 U.S. Dist. LEXIS 107339 (N.D. Ill. June 26, 2018) ........................................4, 9

*Vataj v. Johnson*, 19-CV-06996-HSG,
2020 WL 532981 (N.D. Cal. Feb. 3, 2020) .............................................................2, 7

*Weltz v. Lee*,
199 F.R.D. 129 (S.D.N.Y. 2001) ................................................................................8

## Statutes

15 U.S.C. § 78u-4....................................................................................................5, 10

PSLRA ...................................................................................................................*passim*

## Rules

Fed. R. Civ. P. 23 ...................................................................................................*passim*

Movant the Kalmanson Family[1] respectfully submits this Memorandum of Points and Authorities in further support of its motion for consolidation of the Related Actions, appointment as Lead Plaintiff for the Class, and approval of its selection of Pomerantz as Lead Counsel for the Class (Dkt. No. 32); and in opposition to the competing motions of: (i) John Klumpe ("Klumpe") (Dkt. No. 20); (ii) Janice L. Kasbaum ("Kasbaum") (Dkt. No. 27); and (iii) Wayne Geist ("Geist") (Dkt. No. 22).[2]

## I.    PRELIMINARY STATEMENT

The Related Actions are putative class action securities fraud lawsuits on behalf of investors in GoodRx securities.  As with all federal class action securities fraud lawsuits, a Lead Plaintiff must be appointed.  The PSLRA governs that process and, pursuant to the PSLRA, the Court should appoint as Lead Plaintiff the movant with the greatest financial interest in the outcome of the action; and who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, that movant is the Kalmanson Family, a cohesive group of three family members who incurred an aggregate loss of *$279,364* in connection with their Class Period purchases of GoodRx securities as a result of the Defendants' alleged fraud.  The table below compares the respective financial interests of the competing movants:

---

[1] All capitalized terms herein are defined in the Kalmanson Family's moving brief, unless otherwise indicated.  *See* Dkt. No. 33.

[2] Pursuant to Civil L.R. 7-9, oppositions to the competing Lead Plaintiff motions in this litigation were due to be filed on March 1, 2021.  Due to technical difficulties, the Kalmanson Family's counsel were unable to timely file this brief via ECF on the March 1 deadline despite diligent efforts to do so, and instead served a copy of this brief via email on all counsel of record on March 1.

MEMORANDUM OF POINTS AND AUTHORITIES - 2:20-cv-11444-DOC-PD; 2:21-cv-00175-DOC-PD

1

| Movant | Loss |
|---|---|
| Kalmanson Family | $279,364 |
| *Betty Kalmanson* | *$125,109* |
| *Lawrence Kalmanson* | *$106,766* |
| *Shawn Kalmanson* | *$47,489* |
| John Klumpe | $97,536 |
| Janice L. Kasbaum | $17,692 |
| Wayne Geist | $7,947 |

The Kalmanson family's aggregate loss of $279,364 is significantly larger than that of any competing movant—and indeed, is significantly larger than the losses of all competing movants combined.  Moreover, two members of the Kalmanson Family—Betty Kalmanson and Lawrence Kalmanson—individually incurred larger losses than any of the competing movants.  As such, the Kalmanson Family clearly has the largest financial interest within the meaning of the PSLRA of any putative Class member seeking appointment as Lead Plaintiff.  *See, e.g.*, *Knox v. Yingli Green Energy Holding Co. Ltd.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) (equating financial interest with monetary loss); *Richardson v. TVIA, Inc.*, C 06 06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (same).

The Kalmanson Family also satisfies the typicality and adequacy requirements of Rule 23.  The Kalmanson Family, like all members of the Class, purchased GoodRx securities at prices artificially inflated by Defendants' misrepresentations or omissions, and was damaged upon the disclosure of those misrepresentations or omissions.  These shared claims, which are based on the same legal theory, and arise from the same events and course of conduct as the Class's claims, satisfy the requirements of Rule 23.  *Vataj*

*v. Johnson*, 19-CV-06996-HSG, 2020 WL 532981, at *3 (N.D. Cal. Feb. 3, 2020). The Kalmanson Family's significant losses give it a sufficient stake in this litigation's outcome to ensure vigorous prosecution; the Kalmanson Family is aware of no conflict between its interests and those of the putative Class; and in Pomerantz, the Kalmanson Family has retained qualified and experienced class counsel. *Karinski v. Stamps.com, Inc.*, CV 19-1828-R, 2019 WL 8013753, at *1 (C.D. Cal. June 5, 2019); *Harari v. PriceSmart, Inc.*, 19-CV-958 JLS (LL), 2019 WL 4934277, at *3 (S.D. Cal. Oct. 7, 2019).

Moreover, the Kalmanson Family is a small and cohesive group of three family members who have further demonstrated their adequacy by the submission of a Joint Declaration contemporaneously with their motion, attesting to, *inter alia*, their relationship to one another, their understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA and their preparedness to coordinate their efforts to prosecute this action diligently on behalf of the Class. *See* Dkt. No. 34-4. In *China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1807 n.3 (2018), the Supreme Court recently affirmed the propriety of appointing such groups as lead plaintiff, finding that "[d]istrict courts often permit aggregation of plaintiffs into plaintiff groups". Courts are particularly inclined to appoint such groups as lead plaintiffs where, as here, the groups are comprised of family members, finding the appointment of such groups to be consistent with the purposes of the PSLRA. *See, e.g., Petrie v. Electronic Game Card, Inc.*, Nos. SACV

MEMORANDUM OF POINTS AND AUTHORITIES - 2:20-cv-11444-DOC-PD; 2:21-cv-00175-DOC-PD

3

10-0252 DOC (RNBx), SACV 10-0258 DOC (RNBx), 2010 U.S. Dist. LEXIS 56283, at *7 (C.D. Cal. June 4, 2010); *In re McDermott Int'l, Inc. Secs. Litig.*, 08 Civ. 9943 (DC), 2009 U.S. Dist. LEXIS 21539, at *11-*12 (S.D.N.Y. Mar. 6, 2009); *Beckmen v. Ener1, Inc.*, Nos. 11 Civ. 5794 (PAC) *et al.*, 2012 U.S. Dist. LEXIS 19972, at *12 (Feb. 15, 2012); *Sokolow v. LJM Funds Mgmt.*, Nos. 18-cv-01039 *et al.*, 2018 U.S. Dist. LEXIS 107339, at *14-*15 (N.D. Ill. June 26, 2018).

For the reasons set forth herein, the Kalmanson Family respectfully submits that its motion should be granted in its entirety and that the competing motions should be denied.

## II.    ARGUMENT

### A.    THE KALMANSON FAMILY SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA creates a strong presumption that the Lead Plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The movant that has the largest financial interest need only make a *prima facie* showing at this stage that it satisfies the adequacy and typicality requirements of Rule 23. *In re Cavanaugh*, 306 F.3d 726, 730-31 (9th Cir. 2002). Once this presumption is triggered, it may be rebutted only upon proof that the presumptive Lead Plaintiff will not fairly represent the interests of the Class. 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II). Here, the most adequate class representative is the Kalmanson Family.

### 1.    The Kalmanson Family Has The Largest Financial Interest In The Relief Sought By The Class

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii).  While the PSLRA itself does not provide any guidance concerning the method of calculating which plaintiff has the "largest financial interest," courts recognize that the amount of financial loss is the most significant factor to be considered.  *See, e.g.*, *Knox*, 136 F. Supp. 3d at 1163; *Richardson*, 2007 WL 1129344, at *4.

Under the foregoing analysis, no movant seeking appointment as Lead Plaintiff in the Related Actions has alleged a larger financial interest in the litigation than the Kalmanson Family.   The following chart summarizes the Kalmanson Family's substantial financial interest compared to those of the three competing movants:

| Movant | Loss |
|---|---|
| Kalmanson Family | $279,364 |
| *Betty Kalmanson* | *$125,109* |
| *Lawrence Kalmanson* | *$106,766* |
| *Shawn Kalmanson* | *$47,489* |
| John Klumpe | $97,536 |
| Janice L. Kasbaum | $17,692 |
| Wayne Geist | $7,947 |

As the chart reflects, the Kalmanson Family incurred a loss of $279,364.  Not only is this loss more than $180,000 larger than the loss incurred by Klumpe, the movant with the next-largest financial interest, it is in fact larger than the losses incurred by all

competing movants **combined**.  As such, the Kalmanson Family clearly has the "largest financial interest" in this litigation within the meaning of the PSLRA.

Moreover, even without aggregating the losses of the Kalmanson Family's members, two members of the Kalmanson Family have individually incurred larger losses than any competing movant, with Betty Kalmanson having incurred a loss of $125,109 and Lawrence Kalmanson having incurred a loss of $106,766.  Courts in this District and throughout the Ninth Circuit routinely appoint movant groups in which one member had the largest individual loss among all competing individual movants.  *See, e.g.*, *Petrie*, 2010 U.S. Dist. LEXIS 56283, at *6-*7 (appointing group of three investors where married couple in the group had the largest financial loss among all proposed lead plaintiffs); *In re Surebeam Corp. Sec. Litig.*, No. 03 CV 1721 JM (POR), 2003 U.S. Dist. LEXIS 25022, at *12-*16 (S.D. Cal. Dec. 31, 2003) (allowing a group of investors to serve as lead plaintiff where one member individually had a larger financial loss than competing movants).

### 2.    The Kalmanson Family Satisfies The Requirements Of Rule 23

In addition to possessing the largest financial interest in the relief sought by the Class, the Kalmanson Family has also made the requisite *prima facie* showing that it satisfies the typicality and adequacy requirements of Rule 23.  *See Cavanaugh*, 306 F.3d at 730-31.  First, the Kalmanson Family's claims satisfy the typicality requirement of Rule 23(a)(3) because its claims in this litigation are based on the same legal theory and

arise from the same events and course of conduct as the Class's claims. *See, e.g.*, *Vataj*, 2020 WL 532981, at *3. Second, the Kalmanson Family satisfies the adequacy requirement of Rule 23(a)(4) because it has a sufficient stake in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class. *See, e.g.*, *Karinski*, 2019 WL 8013753, at *1; *Harari*, 2019 WL 4934277, at *3. The Kalmanson Family has further demonstrated its adequacy via by the submission, with its motion papers, of a Joint Declaration executed by its three members, attesting to, *inter alia*, their relationship to one another, their respective backgrounds, their understanding of the significance of their motion and of the status of this litigation generally, their understanding of the responsibilities of lead plaintiffs appointed pursuant to the PSLRA, and their readiness to undertake those responsibilities. *See generally* Dkt. No. 34-4.

Finally, as discussed in greater detail below, the Kalmanson Family has further demonstrated its adequacy by selecting Pomerantz—counsel highly capable and experienced in prosecuting securities cases and managing complex litigation efficiently—to serve as Lead Counsel for the Class.

### 3.    The Kalmanson Family Is An Appropriate Group

The Kalmanson Family is an appropriate group, and as such the Court should consider its members' aggregate financial interest in this litigation in determining the most adequate plaintiff for the Class. *See*, *e.g.*, *China Agritech*, 138 S. Ct. at 1807 n.3 ("District courts often permit aggregation of plaintiffs into plaintiff groups"); *Perrin v.*

*Southwest Water Co.*, No. 2:08-cv-7844-FMC-AGRx, 2009 U.S. Dist. LEXIS 134154, at *13 (C.D. Cal. Feb. 12, 2009) ("[C]ourts have generally held that small and manageable groups serving as lead plaintiffs do not frustrate Congress' desire to ensure that investors, rather than lawyers, control securities litigation."); *Robb v. Fitbit Inc.*, No. 16-cv-00151-SI, 2016 U.S. Dist. LEXIS 62457, at *13-*14 (N.D. Cal. May 10, 2016) (appointing five-person investor group as lead plaintiff); *In re Cendant Corp. Litig.*, 264 F.3d 201, 266 (3d. Cir. 2001) ("The PSLRA explicitly permits a 'group of persons' to serve as lead plaintiff") (citation omitted); *In re Blue Apron Holdings, Inc. Sec. Litig.*,, No. 17-CV-4846 (WFK) (PK), 2017 WL 6403513, at *4 (E.D.N.Y. Dec. 15, 2017); *Weltz v. Lee*, 199 F.R.D. 129, 133 (S.D.N.Y. 2001) ("recogniz[ing] that appointing a group of people as co-lead plaintiffs is allowable under the PSLRA" and finding that a group of seven shareholders with the greatest loss was "presumptively the most adequate plaintiff"); *Barnet v. Elan Corp., PLC*, 236 F.R.D. 158, 162 (S.D.N.Y. 2005) (holding that "there can be no doubt" that the PSLRA permits appointment of groups and appointing group consisting of six members with the largest financial interest as lead plaintiff).

Here, the Kalmanson Family is a small, cohesive group of three family members, each of whom incurred significant losses in connection with his or her purchases of GoodRx securities. *See* Dkt. No. 34-4. Courts routinely appoint family-member groups as lead plaintiffs in securities class actions, finding their appointment to be consistent

with the purposes of the PSLRA. *See*, *e.g.*, *Petrie*, 2010 U.S. Dist. LEXIS 56283, at \*7 (C.D. Cal. June 4, 2010) (appointing three-person movant group as lead plaintiff, finding "that coordinated decision making is not a concern" due to group's size and the fact that two members "are married to each other"); *McDermott Int'l*, 2009 U.S. Dist. LEXIS 21539, at \*11-\*12 (appointing group of family members as lead plaintiff, finding that its "members . . . are not 'unrelated investors' grouped together by their lawyers for purposes of aggregating their losses and obtaining appointment as lead plaintiff"); *Ener1*, 2012 U.S. Dist. LEXIS 19972, at \*12 (appointing movant group "composed solely of family members," finding its composition did not "present . . . concerns" about attorney-driven "artificial grouping"); *LJM Funds*, 2018 U.S. Dist. LEXIS 107339, at \*14-\*15 (appointment of movant group comprised primarily of four family members as lead plaintiff was "consistent with the primary purpose of the PSLRA" to curb attorney-driven litigation).

Contemporaneously with their motion, the Kalmanson Family's members submitted a Joint Declaration attesting to, *inter alia*, their relationship to one another, their respective backgrounds and investment experience, their awareness of the posture of this litigation generally and of the significance of their motion specifically, their understanding of the responsibilities of lead plaintiffs, and their readiness to undertake those responsibilities. *See generally* Dkt. No. 34-4. Courts routinely appoint investor groups as lead plaintiff under such circumstances. *See, e.g.*, *Ferreira v. Funko, Inc.*,

2:20-cv-02319-VAP-PJWx, 2020 U.S. Dist. LEXIS 106515, at *17 (C.D. Cal. June 11, 2020) (finding that movant group members' joint declaration "demonstrated that they appreciate their duty to manage the litigation firmly and actively"); *In re Snap Inc. Sec. Litig.*, No. 2:17-cv-03679-SVW-AGR, 2019 U.S. Dist. LEXIS 88379, at *12-*13 (C.D. Cal. Apr. 1, 2019) (considering group's joint declaration in assessing its fitness to serve as lead plaintiff); *Fitbit*, 2016 U.S. Dist. LEXIS 62457, at *13-*14 (same).

\* \* \* \*

Because the Kalmanson Family has the largest financial interest in the relief sought by the Class and otherwise satisfies Rule 23, it is the presumptive "most adequate plaintiff" of the Class within the meaning of the PSLRA. To overcome the strong presumption entitling the Kalmanson Family to appointment as Lead Plaintiff, the PSLRA requires "***proof***" that the presumptive Lead Plaintiff is inadequate. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added). No such proof exists in this case and any speculative arguments to the contrary should be flatly rejected.

### B.  THE KALMANSON FAMILY'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should interfere with the Lead Plaintiff's selection only when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, the Kalmanson Family has selected Pomerantz as Lead Counsel for the Class. As its resume reflects, Pomerantz is highly experienced in the areas of securities litigation and class actions and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. *See* Dkt. No. 34-5. Thus, the Court may be assured that by approving the Kalmanson Family's selection of counsel, the members of the Class will receive the best legal representation available.

## III.    CONCLUSION

For the foregoing reasons and for the reasons set forth in its motion brief (Dkt. No. 33), the Kalmanson Family respectfully requests that the Court issue an Order granting its motion in all respects and denying the competing motions.

Dated:  March 2, 2021

POMERANTZ LLP

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

*Counsel for Movants Betty Kalmanson, Lawrence Kalmanson, and Shawn Kalmanson and Proposed Lead Counsel for the Class*

BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, New York 10165

MEMORANDUM OF POINTS AND AUTHORITIES - 2:20-cv-11444-DOC-PD; 2:21-cv-00175-DOC-PD

Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Movants Betty Kalmanson, Lawrence Kalmanson, and Shawn Kalmanson*

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

/s/ Jennifer Pafiti
Jennifer Pafiti