2:20-CV-11444-DOC - 4/5/2021 - Item Number 4

1

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

HONORABLE DAVID O. CARTER, JUDGE PRESIDING

- - - - - - -

| | |
|---|---|
| R. BRIAN TERENZINI, individually and on behalf of all others similarly situated, ) ) ) ) | |
| Plaintiffs, ) ) | **CERTIFIED** |
| vs. ) | No. 2:20-CV-11444-DOC |
| GOODRX HOLDINGS, INC., et al., ) ) | Item Number 4 |
| Defendants. ) | |

REPORTER'S TRANSCRIPT OF VIDEOCONFERENCE PROCEEDINGS

MOTION TO CONSOLIDATE [32]

Santa Ana, California

Monday, April 5, 2021

Debbie Gale, CSR 9472, RPR, CCRR
Federal Official Court Reporter
United States District Court
411 West 4th Street, Room 1-053
Santa Ana, California 92701
(714) 558-8141

Certified for U.S. District Court CM/ECF
Debbie Gale, CSR 9472, RPR, CRR
Federal Official Court Reporter

2:20-CV-11444-DOC - 4/5/2021 - Item Number 4

2

**APPEARANCES VIA ZOOM:**

FOR PLAINTIFF R. BRIAN TERENZINI:

    (None)


FOR MOVANT JOHN KLUMPE:

    (None)


FOR MOVANT BETTY KALMANSON:

    Jennifer B. Sobers (pro hac vice)
    POMERANTZ LLP
    600 Third Avenue, 20th Floor
    New York, New York 10016
    212-661-1100
    jbsobers@pomlaw.com

    Matthew L. Tuccillo
    POMERANTZ LLP (pro hac vice)
    600 Third Avenue, 20th Floor
    New York, New York 10016
    212-661-1100
    mltuccillo@pomlaw.com

    J. Alexander Hood, II (pro hac vice)
    POMERANTZ LLP
    600 Third Avenue, 20th Floor
    New York, New York 10016
    212-661-1100
    ahood@pomlaw.com


FOR MOVANT WAYNE GEIST:

    Phillip Kim (pro hac vice)
    THE ROSEN LAW FIRM PA
    275 Madison Avenue, 40th Floor
    New York, New York 10016
    212-686-1060
    pkim@rosenlegal.com

**APPEARANCES VIA ZOOM (Continued):**

FOR MOVANT JANICE L. KASBAUM:

        Danielle S. Myers
        ROBBINS GELLER RUDMAN & DOWD LLP
        655 West Broadway, Suite 1900
        San Diego, California 92101
        619-231-1058
        dmyers@rgrdlaw.com


FOR MOVANT LAWRENCE KALMANSON:

        Jennifer B. Sobers (pro hac vice)
        POMERANTZ LLP
        600 Third Avenue, 20th Floor
        New York, New York 10016
        212-661-1100
        jbsobers@pomlaw.com

        Matthew L. Tuccillo
        POMERANTZ LLP (pro hac vice pending)
        600 Third Avenue, 20th Floor
        New York, New York 10016
        212-661-1100
        mltuccillo@pomlaw.com

        J. Alexander Hood, II (pro hac vice)
        POMERANTZ LLP
        600 Third Avenue, 20th Floor
        New York, New York 10016
        212-661-1100
        ahood@pomlaw.com


FOR MOVANT SHAWN KALMANSON:

        Jennifer B. Sobers (pro hac vice)
        POMERANTZ LLP
        600 Third Avenue, 20th Floor
        New York, New York 10016
        212-661-1100
        jbsobers@pomlaw.com

        (Continued next page)

**APPEARANCES VIA ZOOM (Continued):**

FOR MOVANT SHAWN KALMANSON (Continued):

    Matthew L. Tuccillo
    POMERANTZ LLP (pro hac vice)
    600 Third Avenue, 20th Floor
    New York, New York 10016
    212-661-1100
    mltuccillo@pomlaw.com

    J. Alexander Hood, II (pro hac vice)
    POMERANTZ LLP
    600 Third Avenue, 20th Floor
    New York, New York 10016
    212-661-1100
    ahood@pomlaw.com

FOR DEFENDANT GOODRX HOLDINGS, INC., et al.:

    Colleen C. Smith
    LATHAM & WATKINS LLP
    12670 High Bluff Drive
    San Diego, California 92130
    858-523-5400
    colleen.smith@lw.com

    Michele D. Johnson
    LATHAM & WATKINS LLP
    650 Town Center Drive, 20th Floor
    Costa Mesa, California 92626
    714-540-1235
    michele.johnson@lw.com

FOR DEFENDANT DOUGLAS HIRSCH:

    Colleen C. Smith
    LATHAM & WATKINS LLP
    12670 High Bluff Drive
    San Diego, California 92130
    858-523-5400
    colleen.smith@lw.com

    Michele D. Johnson
    LATHAM & WATKINS LLP
    650 Town Center Drive, 20th Floor
    Costa Mesa, California 92626
    714-540-1235
    michele.johnson@lw.com

**APPEARANCES VIA ZOOM (Continued):**

FOR DEFENDANT TREVOR BEZDEK:

    Colleen C. Smith
    LATHAM & WATKINS LLP
    12670 High Bluff Drive
    San Diego, California 92130
    858-523-5400
    colleen.smith@lw.com

    Michele D. Johnson
    LATHAM & WATKINS LLP
    650 Town Center Drive, 20th Floor
    Costa Mesa, California 92626
    714-540-1235
    michele.johnson@lw.com


FOR DEFENDANT KARSTEN VOERMANN:

    Colleen C. Smith
    LATHAM & WATKINS LLP
    12670 High Bluff Drive
    San Diego, California 92130
    858-523-5400
    colleen.smith@lw.com

    Michele D. Johnson
    LATHAM & WATKINS LLP
    650 Town Center Drive, 20th Floor
    Costa Mesa, California 92626
    714-540-1235
    michele.johnson@lw.com

**I N D E X**

**PROCEEDINGS**                                                    **PAGE**

SCHEDULED:   Motion to Consolidate [32]

Appearances and discussion re representation        7

**SANTA ANA, CALIFORNIA, MONDAY, APRIL 5, 2021**

**Item Number 4**

(9:15 a.m.)

THE COURT: We'll call 20-11444, Brian Terenzini v. GoodRx Holdings, *et cetera*. And I'm going to begin with the appearance of the counsel concerning Lawrence Kalamanson, Shawn Kalmanson and Betty Kalmanson.

**APPEARANCES AND DISCUSSION RE REPRESENTATION**

MR. HOOD: Good morning, Your Honor. This is Alex Hood of Pomerantz LLP, appearing on behalf of Betty, Lawrence and Shawn Kalmanson.

THE COURT: And, Mr. Hood, were you with us on the last occasion?

MR. HOOD: I was not, Your Honor.

THE COURT: Could I ask, then, why you're speaking today at lead counsel, because it's becoming very confusing to me.

MR. HOOD: I understand and I'm happy to explain. I was --

THE COURT: Are you lead counsel?

MR. HOOD: Uh, yes, Your Honor. Your Honor, I am lead counsel for this matter currently. I was responsible for appearing at the last hearing as originally scheduled for March 22nd. I learned shortly before the hearing that my wife had a -- or rather that I would need to attend a

pregnancy-related medical appointment with my wife that required travel.  Unfortunately, I wasn't able to make that hearing, and my colleagues very kindly stepped forward to cover.  And I apologize for any inconvenience.

THE COURT:  Whether you had appeared or not, I would think that other lead counsel could appear.

What had me concerned about the appearance and is causing me deep concern today is Jennifer Pafiti had done most of the briefing.  Everything that this court had read had been submitted under her name.  And I expected minimally to have the professionalism of being able to question that person who had done the drafting, or lead counsel.  And without harming your firm, I found that that initial appearance did not give me the confidence in moving forward.

This is a discretionary call on my part.  The way you get to the $290,000, as the discretionary call on this part, is you combine three entities:  The Kalmansons.

But the next entity with a substantial sum would -- I believe would be the counsel that I've summoned today to have a good faith discussion, and that would be counsel -- law firm of Robbins Geller.

MS. MYERS:  Yes, Your Honor.

THE COURT:  And your name, please.

MS. MYERS:  Danielle Myers, Your Honor, on behalf of Janice Kasbaum.

THE COURT:  And I couldn't hear you.  You broke up.  Could you say that again for me, please.

MS. MYERS:  Yes, Your Honor.

It's Danielle Myers of Robbins Geller on behalf of Janice Kasbaum.

THE COURT:  Thank you.

And I have you listed as lead counsel along with Jennifer Caringal.  And remember, I'm a captive of the names submitted to me.  And that's why it's oftentimes very confusing when I have X counsel and then Y counsel appearing.  And I don't find any concern.  It's just, in a moving record with different counsel, that's not the kind of representation I need.

MS. MYERS:  I understand, Your Honor.

THE COURT:  I don't want to go too much further in this record, Counsel, but let me turn to you, Mr. Hood.

First of all, this has nothing to do with your wife.  I hope she's doing well.  But I'm not prepared at this time to move with you as lead counsel in the matter.  And I don't want you completely out of this lawsuit, but I'm giving you fair warning right now.

If I have need to make a record, I'm capable and prepared to make that record.  So I would suggest that there's a little conversation between Robbins Geller, and a little conversation with Mr. Hood, as legal counsel.  Maybe

you can work out something between the two of you.

I'm quite certain now that there will minimally be another law firm involved because, when I choose lead counsel, you're representing an entire class, Mr. Hood. Just because you have the top dollar -- $290,000 is a very small amount, as far as this Court's concerned, if you're successful in the matter.

I would suggest that that's a private conversation. And if Robbins Geller isn't involved, then I may get another law firm involved. So, Mr. Hood, you can still take the lead on this; but I have to tell you, after the last appearance, I doubt seriously that I will be appointing you solely, and your law firm solely, as lead counsel in the matter. Understood?

MR. HOOD:  Uh, understood, Your Honor.

THE COURT:  You can work that out and I can set a much better record. I don't want to cause any harm to your law firm. I don't care what that arrangement is, but there will be another law firm if you remain on this case. Understood?

MR. HOOD:  We understand, Your Honor.

THE COURT:  All right. So I will meet again with you on what day again by Zoom conference so you can have these private conversations? Thursday of this week? Friday of this week? Next Monday?

MR. HOOD:  Your Honor, either -- any of those dates, I believe, would work.

THE COURT:  You choose for me, Mr. Hood, because you can be lead counsel, Mr. Tuccillo can be, Ms. Sobers can be.  I don't care.  But I don't wanna hear that I don't have lead counsel on the phone.

And, by the way, where is Jennifer Pafiti?

MR. HOOD:  Your Honor, Ms. Pafiti is out of the country and unable to access Zoom.  I had contacted your courtroom deputy to ask whether her presence was required and --

THE COURT:  I noticed that she was also a solicitor or barrister in -- I forget -- England.  She's involved in international work.  I took that into account.

But when I'm speaking to lead counsel or the drafter, I would minimally expect that I would have the opportunity to ask those questions.

MR. HOOD:  Understood, Your Honor.

THE COURT:  So I hope you work out an acceptable arrangement; but if not, I've got something else, and I will make a more complete record.  I just don't want your firm hurt at the present time.

MR. HOOD:  We appreciate that.

THE COURT:  What day, Mr. Hood?

MR. HOOD:  Okay.  Assuming it works as well for

2:20-CV-11444-DOC - 4/5/2021 - Item Number 4

12

Robbins Geller and other interested parties, might say Friday.

THE COURT:  Kelly, am I available Friday?

THE CLERK:  Yes, Your Honor.  We have afternoon hearings already.  So April 9th, you --

THE COURT:  I want to bring them together, Kelly, so we're not stretched out like we are today.  We have so many criminal matters.  And we have, you know, blocks of time where we can only communicate with the jail because of COVID-19, so my civil counsel have to wait, unfortunately.  But I don't want one at 9:00 o'clock and then we're dark, let's say, until, oh, let's say, 1:00 o'clock.

I want that straight through.  So what...?

THE CLERK:  So let me tell you what we have set right now.  Hold on.

So for Friday we already have -- we already have a 1:30 and a 2:00 p.m.

THE COURT:  Why don't we schedule this at 12:00 noon, then?

Mr. Hood, where are you located, so I'm courteous?  What part of the country?

MR. HOOD:  New York state, Your Honor.

THE COURT:  Okay.  So you're three hours' difference, so 12:00 noon would be 3:00 o'clock.  Would that be okay with you?

**Certified for U.S. District Court CM/ECF**
**Debbie Gale, CSR 9472, RPR, CRR**
**Federal Official Court Reporter**

MR. HOOD:  Yes, Your Honor.  Thank you.

THE COURT:  Mr. Tuccillo, where are you located?

MR. TUCCILLO:  My office is in New York.  I'm remote in Connecticut.

THE COURT:  Okay.  So three hours' difference also.  Would that be convenient for you?

MR. TUCCILLO:  Yes, thank you.

THE COURT:  Ms. Sobers, where are you located?

MS. SOBERS:  I'm also in New York, Your Honor.

THE COURT:  So would that be convenient for you also?

MS. SOBERS:  It will be, sir.

THE COURT:  And, Counsel, Ms. Danielle Myers, where are you located?

MS. MYERS:  I'm in San Diego, Your Honor.

THE COURT:  Okay.  So West Coast time.  And is your firm -- I looked at your firm, also after -- more closely after the last occasion.  You seem to be quite versed in the kind of litigation.  And with no denigration of the initial firm -- I believe that they may be also.  I'm just -- my confidence level sunk after the first appearance, frankly.

Who else?

Ms. Smith, where are you located?

MS. SMITH:  San Diego, Your Honor.

2:20-CV-11444-DOC - 4/5/2021 - Item Number 4

14

THE COURT:  And, Ms. Johnson, are you part of Robbins Keller also?

MS. JOHNSON:  No.  I'm with Colleen at Latham & Watkins.

THE COURT:  No, no.  I'm sorry.

Ms. Smith, are you part of Robbins Geller?

MS. SMITH:  I am not, Your Honor.  I represent the defendant.  Latham and Watkins.

THE COURT:  Okay.  So you really have no -- well, regardless.

MS. SMITH:  That's correct.

THE COURT:  And, Ms. Johnson, I'm sorry.  Once again, where -- who do you represent and where are you located?

MS. JOHNSON:  I'm with Latham, for the defendants, and I'm located in Orange County.

THE COURT:  All right.  Now, this isn't really a motion that concerns both of you.  You're welcome to listen to it.  I don't want any further comments by the Court.  I don't intend to cause any harm.  But we'll be going forward with two firms:  Either these two firms or another two firms, if they can't work this out quickly.

Okay.  Thank you very much.  We'll see you 12:00 noon, then, on Friday.

MR. HOOD:  Thank you, Your Honor.

MS. MYERS:  Thank you, Your Honor.

MS. JOHNSON:  Thank you, Your Honor.

*(Proceedings adjourned at 9:24 a.m.)*

-oOo-

**Certified for U.S. District Court CM/ECF**
**Debbie Gale, CSR 9472, RPR, CRR**
**Federal Official Court Reporter**

-oOo-

CERTIFICATE

I hereby certify that pursuant to Section 753, Title 28, United States Code, the foregoing is a true and correct transcript of the stenographically reported proceedings held telephone in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Date:  April 7, 2021

/s/ Debbie Gale

_____
DEBBIE GALE, U.S. COURT REPORTER
CSR NO. 9472, RPR, CCRR