LATHAM & WATKINS LLP
  Michele D. Johnson (Bar No. 198298)
  *michele.johnson@lw.com*
  Jordan D. Cook (Bar No. 293394)
  *Jordan.cook@lw.com*
650 Town Center Drive, 20th Floor
Costa Mesa, CA 92626-1925
Tel:  (714) 540-1235
Fax:  (714) 755-8290

LATHAM & WATKINS LLP
  Colleen C. Smith (Bar No. 231216)
  *colleen.smith@lw.com*
12670 High Bluff Drive
San Diego, CA 92130-3086
Tel:  (858) 523-5400
Fax:  (858) 523-5450

*Attorneys for Defendants GoodRx Holdings,
Inc., Douglas Hirsch, Trevor Bezdek,
Karsten Voermann, Christopher Adams,
Julie Bradley, Dipanjan Deb, Adam Karol,
Jacqueline Kosecoff, Stephen LeSieur,
Gregory Mondre and Agnes Rey-Giraud*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SOUTHERN DIVISION

| | |
|---|---|
| In re GOODRX HOLDINGS, INC. SECURITIES LITIGATION, | Master File No. 2:20-CV-11444-DOC (MARx) |
| This Document Relates To: | CLASS ACTION |
| ALL ACTIONS | **REQUEST FOR JUDICIAL NOTICE AND INCORPORATION OF DOCUMENTS BY REFERENCE IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT** |
| | Date:       June 6, 2022 Time:       8:30 a.m. Courtroom: 9D Judge:      Hon. David O. Carter |

Pursuant to Ninth Circuit law and Federal Rule of Evidence 201, Defendants GoodRx Holdings, Inc. ("GoodRx"), Douglas Hirsch, Trevor Bezdek, Karsten Voermann, Christopher Adams, Julie Bradley, Dipanjan Deb, Adam Karol, Jacqueline Kosecoff, Stephen LeSieur, Gregory Mondre and Agnes Rey-Giraud (together with GoodRx, "Defendants") respectfully request that the Court find that the documents identified in this Request, which are attached to the contemporaneously filed Declaration of Colleen C. Smith ("Smith Decl."), are either incorporated by reference into Plaintiffs' First Amended Consolidated Complaint for Violations of the Federal Securities Laws (the "Amended Complaint" or "AC," Dkt. 100), or the proper subject of judicial notice. These documents are the following Exhibits:

- Exhibit 1, a true and correct copy of GoodRx's Form S-1/A Registration Statement, as filed with the Securities and Exchange Commission ("SEC") on September 22, 2020.

- Exhibit 2, a true and correct copy of Amazon's November 17, 2020 press release entitled "Introducing Amazon Pharmacy: Prescription Medications Delivered."

- Exhibit 3, a true and correct copy of Amazon's May 11, 2021 press release entitled "Amazon makes it easier to compare medication prices."

- Exhibit 4, a true and correct copy of a Deutsche Bank analyst report published on October 19, 2020.

- Exhibit 5, a true and correct copy of an RBC Capital analyst report published on October 18, 2020.

- Exhibit 6, a true and correct copy of a historical chart of GoodRx's stock price from September 23, 2020, to June 10, 2021, from Yahoo! Finance.

- Exhibit 7, a true and correct copy of the S&P Global transcript of a GoodRx Company Conference Presentation held on December 10, 2020.

- Exhibit 8, true and correct copies of D. Hirsch's Form 4 filed with the SEC on March 24, 2021; T. Bezdek's Form 4 filed with the SEC on March 24, 2021; K. Voermann's Forms 4 filed with the SEC on

March 31, 2021, and April 30, 2021; and Idea Men, LLC's Forms 4 filed with the SEC on March 25, 2021, and March 30, 2021.

All of these documents may be properly considered by the Court in connection with GoodRx's motion to dismiss because they are (i) incorporated by reference into the Amended Complaint; and/or (ii) subject to judicial note under Rule 201 of the Federal Rules of Evidence.

## I.   LEGAL STANDARD

In ruling on a motion to dismiss brought under the federal securities laws, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also*, *e.g.*, *Riva v. Pepsico, Inc.*, 82 F. Supp. 3d 1045, 1049 n.1 (N.D. Cal. 2015) ("[A] plaintiff who bases his claims on the contents of particular documents can 'hardly complain' when a defendant refers to the same information in its defense.").

## II.   ARGUMENT

### A.   Exhibits 1-5 and 7 Are Extensively Referenced in the Amended Complaint and Are Therefore Incorporated by Reference

The doctrine of incorporation by reference is "designed to prevent artful pleading by plaintiffs." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018).  It "treats certain documents as though they are part of the complaint itself," and in doing so, "prevents plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id*. at 1002.  The Court may consider a document incorporated by reference when a plaintiff "refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id*. (quoting *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)).  The doctrine

extends to pleadings where a claim "depends on the contents of a document," but "does not explicitly allege the contents of that document in the complaint" or physically attach those items to the complaint. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *see Rosell v. Wells Fargo Bank, N.A.*, No. 12-CV-06321-JD, 2014 WL 4063050, at *3 (N.D. Cal. Aug. 15, 2014) (court may take notice of documents alleged in complaint and whose authenticity is not questioned, even if documents are not attached to pleading). "Once a document is deemed incorporated by reference, the entire document is assumed to be true for purposes of a motion to dismiss, and both parties—and the Court—are free to refer to any of its contents." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014) (quoting *City of Roseville Emps.' Ret. Sys. v. Sterling Fin. Corp.*, 963 F. Supp. 2d 1092, 1107 (E.D. Wash. 2013)).

*First*, Plaintiffs rely on several documents (Exhibits 1 and 7) to form the basis of their challenged statements. The Amended Complaint is replete with references to GoodRx's S-1 (Exhibit 1), which contains the majority of the allegedly false or misleading statements that are the subject of this litigation. *See, e.g.*, AC ¶¶ 50-51, 65-72. Plaintiffs also challenge some of GoodRx executives' post-IPO statements as false or misleading, and extensively quote GoodRx's December 10, 2020 conference call (Exhibit 7) as one of the challenged statements. *See* AC ¶ 117. Because the S-1 and transcript of the conference call have "essentially been adopted" as part of the Amended Complaint, they should be considered in assessing the motion to dismiss. *City of Roseville Emps.' Ret. Sys.*, 963 F. Supp. 2d at 1106-07; *see In re Silicon Graphics, Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (proper to consider SEC filings under incorporation-by-reference doctrine); *Mulquin v. Nektar Therapeutics*, 510 F. Supp. 3d 854, 863 (N.D. Cal. 2020) ("investor presentation transcripts" were incorporated by reference because they "form[] the basis of the plaintiff's claim" (quoting in part *Orexigen Therapeutics*, 899 F.3d at 1002).

*Second*, Plaintiffs' theory as to why all of the challenged statements in the Amended Complaint are false or misleading hinges on two announcements made by Amazon on November 17, 2020, and May 11, 2021 (Exhibits 2 and 3). *See* AC ¶¶ 73-77. The Amended Complaint cites to, paraphrases, characterizes, or selectively quotes those announcements, without actually providing the full text of either. *Id.* Incorporation by reference of the full text of each announcement is appropriate. *See In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) (full text of documents cited in complaint alleging securities violations "may be considered in ruling on a Rule 12(b)(6) motion to dismiss"); *In re Aqua Metals, Inc. Sec. Litig.*, No. 19-CV-07142-HSG, 2019 WL 3817849, at *5 (N.D. Cal. Aug. 14, 2019) (incorporation by reference "prevent[s] plaintiffs from cherry-picking certain portions of documents").

*Finally*, the Amended Complaint quotes two analyst reports—one issued by Deutsche Bank on October 19, 2020 (Exhibit 4), and one issued by RBC Capital on October 18, 2020 (Exhibit 5). *See* AC ¶ 61-62. The "reports form the basis of [Plaintiffs'] claim that the market relied on [GoodRx's] claims" about GoodRx's competitive advantage, and are therefore admissible. *Orexigen Therapeutics*, 899 F.3d at 1004 (finding no abuse of discretion in district court's incorporation by reference of market reports, although the quotations included in the complaint were "not as extensive" as other documents admitted).

The Court should conclude that Exhibits 1-5 and 7 are incorporated by reference into the Amended Complaint.

**B.    Exhibits 1-7 Are Subject to Judicial Notice**

In addition to being incorporated by reference into Plaintiffs' Amended Complaint, Exhibits 1-5 and 7 are the proper subjects of judicial notice under Federal Rule of Evidence 201(b)(2), as is Exhibit 6, which is a GoodRx historical stock price chart. Under the judicial notice rule, a court may take judicial notice of a fact "not subject to reasonable dispute because it . . . can be accurately and

readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). "Specifically, a court may take judicial notice: (1) of matters of public record, (2) that the market was aware of information contained in news articles, and (3) publicly accessible websites whose accuracy and authenticity is not subject to dispute." *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 827 (N.D. Cal. 2019) (citations omitted).

GoodRx's S-1 (Exhibit 1) is judicially noticeable because the contents of public filings with the SEC are matters of public record that are not subject to reasonable dispute. *See* Fed. R. Evid. 201(b). Courts routinely take judicial notice of SEC filings for what they contain. *See, e.g.*, *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (proper to take judicial notice of SEC filings); *Waterford Twp. Police & Fire Ret. Sys. v. Mattel Inc.*, 321 F. Supp. 3d 1133, 1143 (C.D. Cal. 2018) (same).

The Amazon press releases (Exhibits 2 and 3) are judicially noticeable for the fact that Amazon announced certain information to the public regarding its Prime Rx and Amazon Pharmacy services, which is necessary to provide context to Plaintiffs' claims and to "indicate what was in the public realm at the time, not whether the contents of those articles were in fact true." *Gerritsen v. Warner Bros. Entm't Inc.*, 112 F. Supp. 3d 1011, 1029 (C.D. Cal. 2015) (collecting cases); *see also In re Am. Apparel, Inc. S'holder Litig.*, 855 F. Supp. 2d 1043, 1062 (C.D. Cal. 2012) ("[c]ourts in the Ninth Circuit routinely take judicial notice of press releases," and they are helpful to "show 'that the market was aware of the information contained in news articles'" (citation omitted)). Plaintiffs' claims point to these announcements as the revelation of previously omitted information; as such, it is appropriate for the Court to take judicial notice of the full press releases for the content of what was disclosed. Defendants do not seek judicial notice of the truth of any of the statements made in those releases.

Similarly, the analyst reports (Exhibits 4 and 5) are judicially noticeable to "to show that the market was aware of the information contained in the articles." *Facebook*, 405 F. Supp. 3d at 828; *see also Shenwick v. Twitter, Inc.*, 282 F. Supp. 3d 1115, 1123 (N.D. Cal. 2017) ("SEC filings and . . . news articles are judicially noticeable to show what was available to the market."); *Schechter v. Smith*, No. EDCV-09-1653 MJG, 2011 WL 13174954, at *7 (C.D. Cal. Dec. 6, 2011) ("The Court finds it appropriate to take judicial notice of the fact that the analyst reports in question referred to certain matters so as to establish the date on which statements were made and, thus, were available to the market."). These reports are noticeable for the fact that analysts had identified and publicly reported on the competitive threat that Amazon posed to GoodRx's business, if it were to expand its pharmacy offerings. *See* AC ¶¶ 61-62 (citing Deutsche Bank as reporting that "other internet players (*e.g.*, Amazon or Google) [could] get into the price discovery market," and RBC Capital reporting that other companies, including Amazon, could "could threaten [GoodRx's] leadership and [competitive] moat if they were to lean into the space"). Defendants do not seek judicial notice of the truth of any of the statements made in these reports.

The historical chart of GoodRx's stock price (Exhibit 6) is also judicially noticeable. "Because publically traded companies' historical stock prices can be readily ascertained and those prices are not subject to reasonable dispute, courts routinely take judicial notice of them." *ScripsAmerica, Inc. v. Ironridge Glob. LLC*, 119 F. Supp. 3d 1213, 1232 (C.D. Cal. 2015) (collecting cases); *see also Metzler*, 540 F.3d at 1064 n.7 (9th Cir. 2008) ("stock price history" was properly judicially noticed).

Lastly, the transcript of GoodRx's December 10, 2020 conference call (Exhibit 7) is properly subject to judicial notice. Generally, "an investor call transcript" is admissible if it is from a "'source[] whose accuracy cannot reasonably be questioned,'" and offered for facts "not subject to reasonable

dispute." *Orexigen Therapeutics*, 899 F.3d at 999-1000 (quoting in part Fed R. Evid. 201(b)). That is the case here. Furthermore, Defendants seek judicial notice of the fact of the statements made, and not for their truth, rendering judicial notice proper. *See City of Miami Gen. Emps.' & Sanitation Emps.' Ret. Tr. v. RH, Inc.*, 302 F. Supp. 3d 1028, 1033 n.1 (N.D. Cal. 2018) ("[T]he Court may take judicial notice of both presentations for investors and investor conference calls."); *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1067 (N.D. Cal. 2010) ("The court is also permitted to take judicial notice of the content of . . . conference call transcripts cited in the complaint.").

### C. Exhibit 8, Forms 4 Reflecting Defendants' Stock Ownership, Are Properly Considered in Addressing Stock Sale Allegations

Plaintiffs allege that Defendants' Class-Period stock sales support an inference of scienter. AC ¶¶ 126-127. Under Ninth Circuit law, Defendants' stock sales can support an inference of scienter only if they are "dramatically out of line with prior trading practices *at times calculated to maximize the personal benefit from undisclosed inside information*." *Ronconi v. Larkin*, 253 F.3d 423, 435 (9th Cir. 2001) (internal quotation marks and citation omitted). To determine whether this standard is met, Ninth Circuit courts analyze (1) the amount and percentage of shares sold, (2) the timing of the sales, and (3) whether the sales were consistent with the insider's prior trading history. *Id.*

Against this legal framework, courts have acknowledged that information regarding a defendant's Class-Period stock transactions used in support of a securities class action complaint is "clearly gleaned" from publicly filed Forms 4 and related required stock ownership disclosures. *See Silicon Graphics*, 183 F.3d at 986 (Forms 4 properly considered in addressing a motion to dismiss). The Ninth Circuit has therefore held that when a plaintiff alleges that a defendant's stock sales support an inference of scienter, Forms 4 and the relevant public filings reflecting a defendant's stock ownership are incorporated by reference into the

complaint. *Id.* (Forms 4 incorporated by reference when stock sales alleged, even if not explicitly referenced in complaint). Other courts have reached the same result by holding that Forms 4 reflecting stock ownership are the proper subject of judicial notice. *See, e.g., Turocy v. El Pollo Loco Holdings, Inc.*, No. SA CV 15-1343-DOC (KESx), 2016 WL 4056209, at *7 (C.D. Cal. July 25, 2016) (Carter, J.) (taking judicial notice of Forms 4 and stating that "[i]n deciding a motion to dismiss, courts can consider securities offerings and corporate disclosure documents that are publicly available"); *In re Solarcity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 988 (N.D. Cal. 2017) (judicial notice of SEC Forms 4 and proxy statements warranted "in order to prove that stock sales were made or were not made"); *Cement Masons & Plasterers Joint Pension Tr. v. Equinix, Inc.*, No. 11-01016 SC, 2012 WL 685344, at *5 n.4, *8 n.5 (N.D. Cal. Mar. 2, 2012) (taking judicial notice of defendants' Forms 4 even when not referenced in plaintiff's pleading); *Morgan v. AXT, Inc.*, No. C 04-4362 MJJ, 2005 WL 2347125, at *7 (N.D. Cal. Sept. 23, 2005) (same). Regardless of which doctrine applies, Forms 4 reflecting a defendant's stock ownership are properly considered on a motion to dismiss. *See Solarcity*, 274 F. Supp. 3d at 988; *In re Merit Med. Sys., Inc. Sec. Litig.*, No. 8:19-02326 DOC (ADSx), 2021 WL 1258590, at *6 (C.D. Cal. Mar. 16, 2021), *report and recommendation adopted*, 2021 WL 1753612 (C.D. Cal. May 3, 2021) (publicly available SEC filings were either incorporated by reference, not subject to reasonable dispute, or both). Exhibit 8—Mr. Hirsch, Mr. Bezdek, Mr. Voermann, and Idea Men, LLC's Form 4 filings—are therefore properly considered in addressing Plaintiffs' stock sale allegations.

## III.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court consider Exhibits 1-8 attached to the Declaration of Colleen C. Smith.

Dated:  March 10, 2022

Respectfully submitted,

LATHAM & WATKINS LLP

By: */s/ Colleen C. Smith*
    Michele D. Johnson
    Colleen C. Smith
    Jordan D. Cook

*Attorneys for Defendants*
*GoodRx Holdings, Inc., Douglas Hirsch, Trevor Bezdek, and Karsten Voermann, Christopher Adams, Julie Bradley, Dipanjan Deb, Adam Karol, Jacqueline Kosecoff, Stephen LeSieur, Gregory Mondre and Agnes Rey-Giraud*