JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No. LA CV 20-11444-DOC-MAR            Date: June 9, 2022

Title: R. BRIAN TERENZINI v. GOODRX HOLDINGS, INC. ET AL.

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING COUNTER-DEFENDANT'S MOTION TO DISMISS [105]**

    Before the Court is Defendants GoodRx Holdings, Inc. ("GoodRx"), Douglas Hirsch, Trevor Bezdek, Karsten Voermann, Christopher Adams, Julie Bradley, Dipanjan Deb, Adam Karol, Jacqueline Kosecoff, Stephen LeSieur, Gregory Mondre, and Agnes Rey-Giraud's (collectively the "Individual Defendants," and with GoodRx "GoodRx Defendants") Motion to Dismiss ("Motion" or "Mot.") (Dkt. 105). The Court finds this matter appropriate for resolution without oral argument. *See* Fed. R. Civ. P. 78; C.D. Cal. R. 7-15. Having reviewed the moving papers submitted by the parties, the Court **GRANTS** the Motion and **VACATES** the hearing scheduled for June 10, 2022.

## I.    Background

### A.    Facts

    This case is a federal securities class action brought on behalf of purchasers of GoodRx Class A common stock between September 23, 2020 and May 10, 2021. *See*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. LA CV 20-11444-DOC-MAR　　　　　　　　　　　　　　　Date: June 9, 2022

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 2

*generally* First Consolidated Amended Complaint ("FAC") (Dkt. 100). GoodRx is a healthcare technology platform that provides consumers with price information and discounts on prescription drugs. *Id.* ¶ 2. The company generates money primarily from fees it receives from Pharmacy Benefit Managers who negotiate drug discounts. *Id.* ¶ 3. GoodRx launched an initial public offering ("IPO") on August 28, 2020. *Id.* ¶ 4. The IPO launched well above its per share offering price, raising $1 billion in gross proceeds. *Id.*

　　　　In connection with the IPO, GoodRx filed a Registration Statement and Prospectus with the Securities and Exchange Commission ("SEC"), which included representations that the company was a "market leader," was the only "significant direct-to-consumer channel" for many Pharmacy Benefit Managers, and had contract provisions in place to prevent Pharmacy Benefit Managers from "circumventing our platform [or] redirecting volumes outside of our platform." *Id.* ¶ 5.

　　　　However, soon after the IPO, Amazon.com, Inc. ("Amazon") launched a competitor prescription drug discount program, PrimeRx. *Id.* ¶ 9. Amazon's program involved partnering with a company named Inside Rx, of which GoodRx was a founding partner. *Id.* ¶¶ 7, 43. Plaintiffs allege that as a result, Defendants knew about the upcoming launch of Amazon's competitor service at the time of the IPO, but did not disclose that information to investors. *Id.* ¶ 55. GoodRx's stock price dropped dramatically after PrimeRx's launch. *Id.* ¶ 9.

　　　　Defendants subsequently made representations in investor conference calls that Plaintiffs allege were materially misleading, particularly in that they failed to disclose that Amazon was planning to introduce a drug price comparison tool identical to GoodRx's. *Id*. ¶ 64. When that tool launched in May 2021, GoodRx's stock dropped to below its initial IPO price. *Id.*

　　　　Plaintiffs bring suit against GoodRx, its directors, and the underwriters of GoodRx's IPO for failing to disclose the material risk of competition from Amazon at the time of the IPO and for making materially false statements in the Registration Statement and in subsequent investor communications, therefore artificially inflating the price of GoodRx stock. *See generally id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. LA CV 20-11444-DOC-MAR            Date: June 9, 2022

Page 3

### B. Procedural History

On May 6, 2021, Plaintiff Terenzini filed his complaint in this Court on behalf of a class (Dkt. 1). After consolidating cases, the Court appointed the Lead Plaintiffs to lead the class (Dkt. 65). Plaintiffs filed their Consolidated Complaint on June 7, 2021.

The GoodRx Defendants filed a Motion to Dismiss on August 6, 2021. Defendants Morgan Stanley & Co. LLC, Goldman Sachs & Co. LLC, J.P. Morgan Securities LLC, Barclays Capital Inc., BofA Securities Inc., Citigroup Global Markets Inc., Credit Suisse Securities (USA) LLC, RBC Capital Markets, LLC, UBS Securities LLC, Cowen and Company, LLC, Deutsche Bank Securities Inc., Evercore Group L.L.C., Citizens Capital Markets, Inc., KKR Capital Markets LLC, LionTree Advisors LLC, Raymond James & Associates, Inc., SVB Leerink LLC, Academy Securities, Inc., Loop Capital Markets LLC, R. Seelaus & Co., LLC and Samuel A. Ramirez & Company, Inc. (collectively the "Underwriters") joined the GoodRx Defendants' Motion (Dkt. 89). On January 6, 2022, the Court granted the Defendants' Motion to Dismiss with leave to amend (Dkt. 98).

On February 7, 2022, Plaintiffs filed their FAC. The GoodRx Defendants filed a second Motion to Dismiss on March 10, 2022. The Underwriters joined the Motion on March 10, 2022 (Dkt. 108). Plaintiffs opposed the Motion ("Opp'n") (Dkt. 110) on April 14, 2022, and the GoodRx Defendants filed their Reply (Dkt. 111), joined by the Underwriters (Dkt. 112), on May 4, 2022.

### II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts that, if true, would entitle the complainant to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that a claim must be facially plausible in order to survive a motion to dismiss). The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, a court accepts as true a plaintiff's well-pleaded factual allegations and construes all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire &*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. LA CV 20-11444-DOC-MAR                                    Date: June 9, 2022

                                                                                                          Page 4

*Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). A court is not required to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

       In evaluating a Rule 12(b)(6) motion, review is ordinarily limited to the contents of the complaint and material properly submitted with the complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002); *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555, n.19 (9th Cir. 1990). Under the incorporation by reference doctrine, the court may also consider documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), *overruled on other grounds by Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119, 1121 (9th Cir. 2002). The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).

       When a motion to dismiss is granted, the court must decide whether to grant leave to amend. The Ninth Circuit has a liberal policy favoring amendments, and thus leave to amend should be freely granted. *See, e.g.*, *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). However, a court need not grant leave to amend when permitting a plaintiff to amend would be an exercise in futility. *See, e.g.*, *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) ("Denial of leave to amend is not an abuse of discretion where the pleadings before the court demonstrate that further amendment would be futile.").

**III.    Discussion**

       As in the first Motion to Dismiss, the GoodRx Defendants, joined by the Underwriters, argue that Plaintiffs' Securities Act claim should be dismissed for lack of damages; that Plaintiffs have not sufficiently pled facts establishing the falsity of the challenged statements; and that Plaintiffs have not sufficiently pled facts evidencing scienter. The Court considers each argument in turn.

     **A.   False or misleading claims**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. LA CV 20-11444-DOC-MAR                                              Date: June 9, 2022

Page 5

      To state a claim under Section 10(b) of the Exchange Act, a plaintiff must allege facts showing (1) a material misrepresentation, (2) scienter, (3) a connection with the purchase or sale of security, (4) reliance, (5) economic loss, and (6) loss causation. *Dura Pharms., Ins. v. Broudo*, 544 U.S. 336, 341 (2005). Under the heightened pleading standards of the Private Securities Litigation Reform Act ("PSLRA"), a securities fraud complaint must identify each alleged misrepresentation, specify the reasons it is misleading, and state with particularity facts giving rise to a strong inference that the defendant who made the misrepresentation acted with fraudulent intent. *Tellabs Inc. v. Makor Issues & Rights Ltd.*, 551 U.S. 308, 321 (2007).

      Plaintiffs' initial complaint alleged that GoodRx and Underwriters violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") by failing to disclose information about the possibility of Amazon launching a competitor service in both registration materials and their statements after the launch of their IPO, resulting in an artificially inflated IPO. *See generally* FAC. The Court previously dismissed the case with leave to amend, ruling that the claims were not sufficiently pled because of the lack of facts establishing that GoodRx and the Underwriters were aware of Amazon's plans to launch Amazon Pharmacy when GoodRx announced its IPO. *See generally* Order Granting Defendant's Motion to Dismiss ("Order") (Dkt. 98).

### i. Pre- and post-IPO statements

      Plaintiffs' FAC makes the same allegations, again asserting that GoodRx failed to disclose the material risk of Amazon entering the market as a competitor at the time of the IPO, and continued to misrepresent that risk to investors, thus artificially inflating the price of GoodRx stock. *See generally* FAC. Defendant GoodRx, joined by Underwriters, argues that Plaintiffs' Amended Complaint fails to provide additional facts, meaning the complaint remains insufficiently pled, and the Court should again dismiss. Mot. at 9.

      In Plaintiffs' first complaint, Plaintiffs challenged various statements made by GoodRx before and after their IPO launch about GoodRx's market leadership and lack of competition, consumer demand for their services, and their unique business partnerships with PBMs. FAC ¶¶ 59-61. They argued that these statements were materially false and misleading given Amazon's plans to launch Amazon Pharmacy, a business in the same industry. FAC ¶ 118. The Court previously ruled that Plaintiffs failed to allege facts

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. LA CV 20-11444-DOC-MAR                                                Date: June 9, 2022

Page 6

proving that GoodRx's statements were materially false, as there was no evidence that they knew of Amazon's plans to enter the market. Order at 7-9:

> Plaintiffs allege no facts indicating that Defendants were aware of Amazon's plans. This is the critical missing piece of the Complaint: Amazon's existing plans are irrelevant if the Defendants did not know of them. While Plaintiffs allege that GoodRx "had access to inside information" and communicated with Amazon regularly due to its partnerships with Inside Rx and Amazon's subsidiary PillPack, they do not allege how or when Defendants learned any insider information from those partnerships or what specific information they learned. See CC ¶¶ 6, 50-51. These missing allegations go against "Congress's basic purpose in raising the bar [in the PSLRA] in the first place; namely, . . . to put an end to the practice of pleading fraud by hindsight." *Gompper v. VISX, Inc.*, 298 F.3d 893, 897 (9th Cir. 2002).

Order at 8-9. The circumstantial evidence provided to imply that GoodRx and Underwriters had knowledge of Amazon's plans was deemed insufficient to state a claim, and the Court dismissed the claim with leave to amend.

      The Court agrees that Plaintiffs' Amended Complaint again fails to provide sufficient facts demonstrating that Defendants were aware of Amazon's plans to launch a competitor service. Rather than provide new facts supporting their claim, Plaintiffs' Amended Complaint merely emphasizes claims made in their first complaint about the business relationship between Defendant GoodRx and Amazon as circumstantial evidence that Defendants knew that Amazon intended to enter the online pharmaceutical market. FAC ¶ 104. Had the Plaintiffs provided any direct evidence of GoodRx's purported knowledge—such as correspondence between GoodRx and Amazon detailing Amazon's plans, or private reports revealing details about Amazon Pharmacy ahead of its launch—their allegations may have approached the level of specificity needed for a claim to be considered sufficient. However, the lack of additional facts in the Amended Complaint again defeat Plaintiffs' claims. Accordingly, the Court GRANTS Defendants' Motion as to the Section 10(b) claims and DISMISSES WITH PREJUDICE those claims.

      As in the Court's previous ruling, the dismissal of all of Plaintiffs' Section 10(b) claims negates the need to consider Defendants' arguments regarding insufficient factual allegations of scienter under the Exchange Act. Mot. at 19-23. However, the Court agrees with Defendants that Plaintiffs' allegations of scienter suffer from the same lack of facts as their 10(b) claims involving Defendants' knowledge of Amazon's plans, and thus appear to be insufficient for the same reasons. *See Police Ret. Sys. of St. Louis v. Intuitive Surgical, Inc.*, 759 F.3d 1051, 1062 (9th Cir. 2014) (holding that facts supporting a "mere

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. LA CV 20-11444-DOC-MAR           Date: June 9, 2022

Page 7

inference of [the defendants'] knowledge" did not support scienter). Accordingly, the Court GRANTS Defendants' Motion as to the Exchange Act claims and DISMISSES WITH PREJUDICE those claims.

### ii. Items 303 and 105 of Regulation S-K

Under Item 303 of Regulation S-K, the registrant is under a duty to "[d]escribe any known trends or uncertainties that the registrant reasonably expects will have a material favorable or unfavorable impact on net sales or revenues or income from continuing operations." 17 C.F.R. § 229.303(a)(3)(ii). As such, a plaintiff must allege facts showing defendants knew of an adverse trend, the material impact of that trend, and "that the future material impacts are reasonably likely to occur from the present-day perspective." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1297 (9th Cir. 1998) (emphasis omitted). "Regulation S-K thus governs the disclosure of known historic trends, but does not provide a basis of liability where a corporation fails to 'disclose" the future." *In re Verifone Sec. Litig.*, 784 F. Supp. 1471, 1483 (N.D. Cal. 1992), *aff'd*, 11 F.3d 865 (9th Cir. 1993) (citing *In re Convergent Technologies Sec. Litig.*, 948 F.2d 507, 516 (9th Cir. 1991)).

The Court previously dismissed Plaintiffs' first claim under Item 303, noting that "Without facts indicating concrete knowledge of Amazon's plans, any lack of disclosure here would be merely a failure to 'disclose the future.'" Order at 12. As established, Plaintiffs have again failed to allege facts sufficient to demonstrate that Defendants had knowledge of Amazon's plans to launch Amazon Pharmacy, providing only circumstantial evidence regarding GoodRx's business relationship with Amazon subsidiaries. FAC ¶ 72(b). Accordingly, the Court GRANTS the Motion as to Item 303, and Plaintiffs' Item 303 claim is DISMISSED WITH PREJUDICE.

Item 105 of Regulation S-K requires a "discussion of the material factors that make an investment in the registrant or offering speculative or risky." 17 C.F.R. § 229.105. The Court previously dismissed Plaintiffs' Item 105 claim, explaining that Plaintiffs failed to sufficiently allege facts demonstrating Defendants' knowledge of the risk of Amazon entering the market. Order at 13. For the same reason as earlier claims, Plaintiffs' Item 105 claim also fails due to the lack of facts supporting the allegation that Defendants had concrete knowledge about the risk of Amazon's plans to launch Amazon

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. LA CV 20-11444-DOC-MAR     Date: June 9, 2022

Page 8

Pharmacy. As such, the Court GRANTS the Motion as to Item 105, and Plaintiffs' Item 105 claim is DISMISSED WITH PREJUDICE.

### B. Securities Act damages

Section 11 of the Securities Act creates a private remedy for any purchaser of a security if any part of the registration statement, "when such part became effective, contained an untrue statement of a material fact or omitted to state a material fact required to be stated therein or necessary to make the statements therein not misleading." 15 U.S.C. § 77k(a). Under 15 U.S.C. § 77k(e), such a purchaser may recover damages for losses "measured by the difference between the amount paid for the security and its price at either the time it was sold or the date the Section 11 claim was filed." *Miller v. Pezzani (In re Worlds of Wonder Sec. Litig.)*, 35 F.3d 1407, 1421 (9th Cir.1994). While damages are not an element of a Section 11 claim, lack of damages is an affirmative defense. *Id.* at 1421-22; *In re Countrywide Fin. Corp. Sec. Litig.*, 588 F. Supp. 2d 1132, 1168-69 (C.D. Cal. 2008).

Plaintiffs' Amended Complaint renews assertions that GoodRx's IPO stock price did not represent its true "value" as a basis for damages, again relying on an unpublished district court case as their only support for such a calculation. Opp'n at 8 (quoting *In re Snap Inc. Sec. Litig.*, 2018 WL 2972528, at *9 (C.D. Cal. June 7, 2018)). The Court previously dismissed Plaintiff's identical claim from their first complaint, stating that the statute's language is clear that the starting point for damages is the price that Plaintiffs actually paid for the stocks, capped at the IPO price, meaning $33/share. Given that Plaintiffs' Amended Complaint lacks any new legal arguments or facts supporting this framework, the Court agrees with the Defendants that this theory of calculation of damages is unpersuasive and out of line with the plain language of the statute. 15 U.S.C. § 77k(e). As such, there is no evidence of loss to the Plaintiffs, so the Court GRANTS the Motion as to Section 11, and Plaintiffs' Section 11 claims are DISMISSED WITH PREJUDICE.

### C. Individual Defendants' liability as control persons

Section 20(a) of the Exchange Act makes "controlling" persons liable for violations of § 10(b). 15 U.S.C. § 78t(a). "Section 20(a) claims may be dismissed summarily, however, if a plaintiff fails to adequately plead a primary violation of section

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. LA CV 20-11444-DOC-MAR                             Date: June 9, 2022

Page 9

10(b)." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 990 (9th Cir. 2009), *as amended* (Feb. 10, 2009). Similarly, § 15 of the Securities Act makes control persons liable for violations of § 11. The Court previously dismissed Plaintiffs' § 20(a) and § 15 claims because Plaintiffs' § 10(b) and § 11 claims were insufficiently pled. Given that the claims are identical in Plaintiffs' Amended Complaint, the Court DISMISSES WITH PREJUDICE Plaintiffs' § 20(a) and § 15 claims.

Given the lack of additional facts to support the assertions in Plaintiffs' Amended Complaint, Plaintiffs' claims are again insufficiently pled. As Plaintiffs were given leave to amend and failed to include sufficient facts in their Amended Complaint, further opportunity to amend would be "an exercise in futility." *See, e.g.*, *Rutman Wine Co.*, 829 F.2d at 738. Accordingly, the Court DISMISSES WITH PREJUDICE Plaintiffs' claims under Section 11 of the Securities Act, Sections 10(b) and 20(a) of the Exchange Act, and Items 303 and 105 of Regulation S-K.

### IV.  Disposition

For the reasons set forth above, the Court GRANTS the GoodRx Defendants' Motion to Dismiss and GRANTS the Underwriters' Motion to Dismiss. The Court DISMISSES WITH PREJUDICE Plaintiffs' claims under § 10(b) and § 20(a) of the Exchange Act and Rule 10b-5, § 11 and § 15 of the Securities Act, and Items 303 and 105 of Regulation S-K. The Court VACATES the hearing scheduled for June 10, 2022.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                             Initials of Deputy Clerk: kdu

CIVIL-GEN